FILED
APR 04 2006 NH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **RAMANU PETERSON** | ) **06CV1833** |
| Plaintiff, | ) **JUDGE CASTILLO** |
| | ) **MAGISTRATE NOLAN** |
| vs. | ) COMPLAINT FOR VIOLATION |
| | ) OF CIVIL RIGHTS |
| Chicago Police Officers, **William Seski**, Star No. 7520, **Michael Connolly**, Star No. 16869, **Brendan Corcoran**, Star No. 8261, **James Turney**, Star No. 17812, **Michael Birmingham**, Star No. 9486, and An Unknown Number of Unknown Officers, and The **City of Chicago**, | ) |
| Defendants, | ) JURY DEMANDED |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, plaintiff RAMANU PETERSON ("PETERSON") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned defendant Chicago Police Officer WILLIAM SESKI, Star No. 7520 ("SESKI") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

1

5. At all times herein mentioned defendant Chicago Police Officer MICHAEL CONNOLLY, Star No. 16869 ("CONNOLLY") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned defendant Chicago Police Officer BRENDAN CORCORAN, Star No. 8261 ("CORCORAN") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned defendant Chicago Police Officer JAMES TURNEY, Star No. 17812 ("TURNEY") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

8. At all times herein mentioned defendant Chicago Police Officer MICHAEL BIRMINGHAM, Star No. 9486 ("BIRMINGHAM") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

9. At all times herein mentioned an UNKNOWN NUMBER OF UNNAMED CHICAGO POLICE OFFICERS ("UNKNOWN OFFICERS") were employed by the Chicago Police Department and were acting under the color of state law and as the employee, agent, or representative of the Chicago Police Department. Plaintiffs will seek leave to amend their complaint upon learning the identity of these defendants for the purpose of alleging their names.

10. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

11. On or about April 10, 2005, TOWNSEND was in his residence, in the City of Chicago, County of Cook.

12. At that time and place SESKI, CONNOLLY, CORCORAN and UNKNOWN OFFICERS entered and searched PETERSON'S residence.

13. SESKI, CONNOLLY, CORCORAN and UNKNOWN OFFICERS did not have a warrant authorizing the entry or search of PETERSON'S residence.

14. There was no legal cause for SESKI, CONNOLLY, CORCORAN and UNKNOWN OFFICERS to enter PETERSON'S residence.

15. After entering and completing their search of PETERSON'S residence SESKI, CONNOLLY, CORCORAN and UNKNOWN OFFICERS placed PETERSON under custodial arrest.

16. SESKI, CONNOLLY, CORCORAN and UNKNOWN OFFICERS did not recover any contraband or evidence of any criminal activity inside PETERSON'S residence.

17. SESKI, CONNOLLY, CORCORAN and UNKNOWN OFFICERS charged PETERSON with possession of a controlled substance, and resisting a peace officer.

18. The was no legal cause to arrest PETERSON or charge him with any crime.

19. On or about July 11, 2005, PETERSON was lawfully in a public place in the City of Chicago, County of Cook.

20. At that time and place TURNEY and BIRMINGHAM seized plaintiff's person and placed him under custodial arrest.

21. TURNEY and BIRMINGHAM caused PETERSON to be charged with possession of a controlled substance.

3

22. There was no legal cause to arrest plaintiff or charge him with any crime.

23. There was not a warrant for the arrest of plaintiff.

24. By reason of the above-described acts and omissions of all defendants, and each of them, Plaintiff, sustained injuries, including humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

25. The aforementioned acts of SESKI, CONNOLLY, CORCORAN, TURNEY, BIRMINGHAM and UNKNOWN OFFICERS were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

26. By reason of the above-described acts and omissions of SESKI, CONNOLLY, CORCORAN, TURNEY, and BIRMINGHAM and UNKNOWN OFFICERS, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that they might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### Plaintiff PETERSON Against Defendants SESKI, CONNOLLY, CORCORAN and UNKNOWN OFFICERS for UNREASONBLE SEARCH and SEIZURE

27. Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

28. By reason of the Defendants' conduct Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted there under.

4

29. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's residence and person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: On April 10, 2005 they entered plaintiff's residence without a warrant, searched plaintiff's residence, seized plaintiff's person during the search and placed him under custodial arrest. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants, and each of them, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

### Plaintiff PETERSON against Defendants SESKI, CONNOLLY, CORCORAN, UNKNOWN OFFICERS, and the CITY OF CHICAGO For The State Supplemental Claim Of Malicious Prosecution

30. Plaintiffs hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

31. Defendants SESKI, CONNOLLY, CORCORAN, and UNKNOWN OFFICERS caused a criminal prosecution to commence against PETERSON.

32. Defendants SESKI, CONNOLLY, CORCORAN, and UNKNOWN OFFICERS, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a the criminal prosecution against PETERSON without probable cause for the institution of these proceedings. As a result, PETERSON was injured emotionally and otherwise from the loss of certain constitutionally protected liberty and related rights.

33. Defendants SESKI, CONNOLLY, CORCORAN and UNKNOWN OFFICERS facilitated this malicious prosecution by the creation of false evidence, by giving false police reports, and or by signing false criminal complaints against PETERSON.

34. The criminal prosecution was terminated in PETERON'S favor on or after May 3, 2005.

5

35. The City of Chicago is liable to PETERSON for the acts of SESKI, CONNOLLY, CORCORAN, and UNKNOWN OFFICERS pursuant to the doctrine of *respondeat superior*.

36. Therefore, defendants SESKI, CONNOLLY, CORCORAN, and UNKNOWN OFFICERS, and the City of Chicago are liable under the state supplemental claim of Malicious Prosecution.

## COUNT III
### Plaintiff PETERSON Against Defendants TURNEY and BIRMINGHAM for UNREASONBLE SEIZURE

37. Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

38. By reason of the Defendants' conduct Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted there under.

39. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: On July 11, 2005 they seized plaintiff's person during the search and placed him under custodial arrest. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants, and each of them, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT IV
### Plaintiff PETERSON against Defendants TURNEY, BIRMINGHAM, and the CITY OF CHICAGO For The State Supplemental Claim Of Malicious Prosecution

40. Plaintiffs hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

6

41. Defendants TURNEY and BIRMINGHAM caused a criminal prosecution to commence against PETERSON.

42. Defendants TURNEY and BIRMINGHAM, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a the criminal prosecution against PETERSON without probable cause for the institution of these proceedings. As a result, PETERSON was injured emotionally and otherwise from the loss of certain constitutionally protected liberty and related rights.

43. Defendants TURNEY and BIRMINGHAM facilitated this malicious prosecution by the creation of false evidence and/or by giving false police reports, and or by signing false criminal complaints.

44. The criminal prosecution was terminated in PETERON'S favor on or after August 1, 2005.

45. The City of Chicago is liable to PETERSON for the acts of TURNEY and BIRMINGHAM pursuant to the doctrine of *respondeat superior.*

46. Therefore, defendants TURNEY, BIRMINGHAM, and the City of Chicago are liable under the state supplemental claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

7

4. That the Defendants SESKI, CONNOLLY, CORCORAN, TURNEY, BIRMINGHAM, and UNKNOWN OFFICERS be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: _____
Garrett Browne

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: _____
Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877

8